## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| BRYAN J. ALBERTO, | ) | Civil Case No. CV0564-17 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DECISION AND ORDER** |
| | ) | |
| ERIKA IMAMURA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on December 23, 2019 for hearing on Plaintiff Bryan J. Alberto's ("Plaintiff") Petition for Attorney's Fees and Costs ("Petition"). Attorney John Richard Bordallo Bell represents Plaintiff. Attorney William Gavras represents Defendant Erika Imamura ("Defendant"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Petition.

## BACKGROUND

In September 2015, Defendant landlord and Plaintiff tenant entered into a lease agreement for a condo at PIA Marine for a period of approximately one year. Findings of Fact and Conclusions of Law ("FFCL") at 2 (Aug. 2, 2019). Plaintiff provided Defendant a security deposit in the amount of $2,450.00. *Id.* After a conversation between Defendant and Plaintiff in

July 2016, Defendant believed Plaintiff would be renewing the lease, but did not seek an extension in writing per the terms of the lease agreement. *Id.* Plaintiff notified Defendant of his intent not to renew the lease in August 2016. *Id.* After discussions about a Letter of Release for Navy Housing, Defendant asserted Plaintiff was required to give Defendant written notice of his intent to terminate the tenancy. *Id.* at 2-3. No such notice was required.

Plaintiff vacated the premises on September 30, 2016. *Id.* at 3. After a walkthrough of the condo, Defendant communicated that the condition of the condo was satisfactory and executed the Letter of Release. *Id.* at 4. The next day, Defendant gave Plaintiff a check in the amount of $2,150.00. *Id.* After giving him the check, however, Defendant notified Plaintiff that she would be cancelling the check. *Id.* Defendant then claimed Plaintiff was only entitled to $353.00 of his security deposit due to damage to the condo. *Id.* at 5.

Plaintiff disputed the withholding of the security deposit. *Id.* In December 2016, Plaintiff and his attorney sent a demand letter to Landlord pursuant to the Deceptive Trade Practices – Consumer Protection Act ("DTPCPA") under 5 G.C.A. § 32110. *Id.* After Defendant failed to respond, Plaintiff filed suit. Following a bench trial, the Court issued its FFCL, entering judgment in favor of Plaintiff against Defendant in the amount of $2,150.00, attorney's fees, and court costs. *Id.* at 14.

Following judgment, Plaintiff filed its Petition, seeking reimbursement of attorney's fees in the amount of $42,704.18. Defendant filed an opposition, arguing reasonable attorney's fees comes to approximately $12,992.00. Defendant's Opposition to Plaintiff's Petition for Attorney's Fees ("Opposition") at 7. Plaintiff filed a response, asserting Defendant's arguments for lowering the attorney's fee award are unfounded and unsupported by facts. Plaintiff's Reply to Defendant's Opposition to Plaintiff's Petition for Attorney's Fees and Costs ("Reply") at 1

(Oct. 9, 2019). The Court held a hearing on the matter, at which point the Court took the matter under advisement. Min. Entry (Dec. 23, 2019). After the Court took this matter under advisement, Plaintiff filed an objection to allegations brought up at the hearing regarding the rate charged for a law clerk used by Plaintiff. Objection to New Allegations Made During Oral Argument on Plaintiff's Petition for Attorney's Fees and Costs ("Plaintiff's Objection") at 1-2 (Dec. 26, 2019).

## DISCUSSION

In determining whether to award attorney's fees to a party, courts commonly apply what is referred to as the "American Rule." *Fleming v. Quigley*, 2003 Guam 4 ¶ 35. "Under the American Rule, parties bear their own litigation expenses, including attorney's fees." *Id.* ¶ 7. However, exceptions to this rule exist "where attorney's fees are: (1) authorized by statute, (2) authorized by contract, or (3) allowed in judicially-established circumstances." *Id.* Here, the award of attorney's fees is authorized by the DTPCA under 5 G.C.A. § 32110. The Court has also previously determined that Plaintiff is the prevailing party in this action and is therefore entitled to recover reasonable attorney's fees per statute. FFCL at 14.

### A. Lodestar Method and Factors

Reasonable attorney's fees are determined using the lodestar method, that is, the number of hours reasonably spent litigating a case multiplied by a reasonable hourly rate. *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). The lodestar may then be adjusted upwards or downwards based on the factors outline in *Kerr v. Screen Extras Guild, Inc.*, to the extent these factors have not been subsumed into the lodestar. 526 F.2d 67, 69-70 (9th Cir. 1975) (abrogated on other grounds by *City of Burlington v. Dague*, 505 U.S. 557 (1992)). These factors include:

(1) the time and labor required,
(2) the novelty and difficulty of the questions involved,

(3) the skill requisite to perform the legal service properly,
(4) the preclusion of other employment by the attorney due to acceptance of the case,
(5) the customary fee,
(6) whether the fee is fixed or contingent,
(7) time limitations imposed by the client or the circumstances,
(8) the amount involved and the results obtained,
(9) the experience, reputation, and ability of the attorneys,
(10) the "undesirability" of the case,
(11) the nature and length of the professional relationship with the client, and
(12) awards in similar cases.

*Id.* (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)); *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1065 (9th Cir. 2006). The party applying for fees bears the burden of documenting and proving that he or she is entitled to recover the fees requested. *Hensley*, 461 U.S. at 437. Neither party offered evidence or arguments on the following factors: (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (10) the "undesirability" of the case; and (11) the nature and length of the professional relationship with the client. As such, the Court focuses its analysis on the remaining factors.

1.      **The Time and Labor Required and Awards in Similar Cases**

Plaintiff asserts it "devoted a total of 507.10 billable hours of professional time and effort rendered to this case." Pet. at 2. Plaintiff argues "the charges are reasonable for it took almost 3 years to litigate this matter." *Id.* at 5. The labor required in this case included serving Defendant, drafting the Complaint, engaging in discovery, pre-trial briefing, a one day trial, and post-trial briefing. The Court is skeptical that this case required 507.10 hours of work and effort. The Court finds two cases from outside jurisdictions instructive on the present issues: *Kaeding*

*v. Auleciems*, 886 N.W.2d 658 (Minn. Ct. App. 2016) and *Lee v. Stanziale*, 128 A.3d 579 (Conn. App. Ct. 2015).

In *Kaeding*, the tenant disputed the forfeiture of his security deposit and pet deposit. 886 N.W.2d at 662. The labor required in *Kaeding* included the work involved in the case at hand, as well as defending against a counter-claim, summary judgment motions, and defending against a last-minute counter-claim added the day of trial. *Id.* Plaintiff's counsel in *Kaeding* spent "49.4 hours billed at $250 per hour," for a total of $12,350.00, which the trial and appellate courts found was a reasonable rate, number of hours, and award "for a contested matter with multiple motions and a one-day trial." *Id.* at 663.

In *Lee*, the tenant disputed the forfeiture of his security deposit, as well as claims that the tenant owed damages not covered by the security deposit. 128 A.3d at 528. The labor required in *Lee* included handling the transfer of the case from small claims to the civil docket, discovery, pre-trial memoranda, pre-trial motions and requests, a five day trial over eight months (which included almost one hundred exhibits and testimony from a variety of witnesses), and post-trial briefing. *Id.* at 529. Plaintiff's counsel in *Lee* spent "sixty-three hours on the matter over the course of more than twenty-five months" at a rate of $250.00 per hour. *Id.* at 530. Following an objection by the defendant, the court awarded the plaintiff $14,750.00 in attorney's fees. *Id.*

The Court is skeptical that 507.10 hours of work were necessary for this case, considering attorneys in other cases have spent significantly less time on cases which presented more issues, like *Kaeding* (49.4 hours) and *Lee* (63 hours).

Plaintiff cites cases two cases in support of its assertion that a large attorney's fees award need not be proportional to a small verdict. Pet. at 3. Plaintiff first cites *Medina v. S. Coast Car*

*Co., Inc.*, a case with damages amounting to $8,600.00 which resulted in attorney's fees of $128,000.00. 223 Cal. Rptr. 3d 566, 573-74 (Cal. Ct. App. 2017). The plaintiff brought that action pursuant to the Consumer Legal Remedies Act after the plaintiff discovered issues with the vehicle he purchased from the defendant. *Id.* at 568-69. Plaintiff then cites *Marquez v. Mercedes-Benz USA, LLC*, a case with a judgment amounting to around $168,000.00 which resulted in attorney's fees of around $314,000.00. 815 N.W.2d 314, 317 (Wis. 2012). This action arose out of a violation of Wisconsin's "lemon law" after the plaintiff purchased a vehicle from the defendant. *Id.* at 316.

The Court finds Plaintiff's cited cases are not analogous to the present case. Here, the cause of action arose out of a failure to return a security deposit pursuant to a residential lease agreement. Plaintiff's cited cases arose out of mechanical failures with vehicles. While the legal issues could arguably be similar, the factual basis for these two sets of actions are indisputably different, leading to potentially entirely different litigation strategies and discovery.

## 2. The Novelty and Difficulty of the Questions Involved

This case involved applying fairly well-settled law to the facts presented. There were not major questions of interpretations of law which required extensive research and briefing. Similarly, there is no evidence that the parties in *Kaeding* and *Lee* engaged in extensive litigation regarding interpretations of law or related issues. This case required application of facts, obtained through discovery, to fairly straight-forward questions of law.

## 3. The Amount Involved and the Results Obtained

Plaintiff provided Defendant with a security deposit of $2,450.00. FFCL at 2. The Court found that "Tenant is entitled to the return of his security deposit, less late fees for overdue rent, in the amount of two thousand one hundred fifty dollars ($2,150.00)." *Id.* at 13. Plaintiff

pursued two causes of action: fraud and violations of the DTPCPA. Compl. at 7 & 8. Plaintiff succeeded on the DTPCPA claim but failed in proving its fraud claim. FFCL at 8 & 13. Plaintiff failed to recover additional damages under the DTPCPA as he failed to show that Defendant "committed these violations as a regular business practice." *Id.* at 13.

In *Kaeding*, the amounts involved, those being the security deposit and the pet deposit, totaled $3,500.00. 886 N.W.2d at 661. After a hearing on the issue of damages, the plaintiff-tenant recovered $2,860.00 of the deposits. In *Lee*, the plaintiff paid a security deposit of $5,000.00 to the defendant-landlord. 128 A.3d at 527. The court found the plaintiff to be the prevailing party and was entitled to $4,788.01 due to an offset for damages as a result of the plaintiff's breach of the lease agreement. *Id.* at 530. The amounts involved in *Kaeding* and *Lee* were higher than those involved in the present case.

### 4. The Experience, Reputation, and Ability of the Attorneys

Plaintiff's counsel, John Richard Bordallo Bell, became licensed as an attorney in 2012. Pet., Decl. of John Richard Bordallo Bell at 1. As such, Plaintiff's counsel entered this case as a fourth-year attorney and the Court rendered judgment during his seventh year. Plaintiff's counsel has worked on five DTPCPA cases before. *Id.* at 2.

### B. Award Under the Lodestar Method

Plaintiff cites *Anderson v. AB Painting & Sandblasting Inc.* for the proposition that courts have rejected the argument that fees must be calculated proportionally to damages. 578 F.3d 542, 545 (7th Cir. 2009) (citing *Alexander v. Gerhardt Enters., Inc.*, 40 F.3d 187, 194 (7th Cir. 1994)). However, as explained above, Plaintiff is entitled to *reasonable* attorney's fees. Considering the factors discussed, the Court finds an award of $42,704.18 to be unreasonable.

Plaintiff asserts a number of reasons in justifying the large number of hours expended on this case. Plaintiff alleges Defendant "refused early offers to settle, evaded service, refused to fully comply with discovery, which caused discovery disputes, and switched attorneys just before her deposition in order to have it rescheduled." Pet. at 2. Plaintiff did not offer any factual support for these allegations. Plaintiff did not offer any evidence to show Defendant refused early offers to settle, nor that there were any such offers to begin with. Plaintiff did not offer any evidence that Defendant refused to fully comply with discovery. In its Reply, Plaintiff explained that "Both parties ended up stipulating to extending the discovery deadline, which resulted in the motion [to compel] not being filed." Reply at 3. However, Plaintiff failed to offer any evidence to show the basis for the stipulated extension. The Court will not accept a self-serving statement from Plaintiff's counsel that Defendant failed to comply with discovery. Plaintiff's failure to file a motion to compel undermines Plaintiff's assertion. Similarly, Plaintiff did not offer any evidence that Defendant switched attorneys for the sole purpose of rescheduling her deposition.

Plaintiff further asserts that "The Defendant and her counsel ran up the costs of the deposition with the counsel's long-winded objections and his client's evasive and evolving answers." Pet. at 2-3. Plaintiff fails to provide any evidence that such assertions are true. If Plaintiff wanted the Court to consider these arguments, it is Plaintiff's responsibility to provide the required evidence. The Court will not do Plaintiff's research for him.

Plaintiff then asserts that "the Defendant refused our request to stipulate on exhibits, and most of the litigation including trial occurred with the client being off-island which made things extra time consuming and difficult." Pet. at 3. Once again, Plaintiff fails to provide any evidence of Defendant's refusal to stipulate to exhibits. Further, Plaintiff fails to explain how his off-

island residency made this litigation more difficult and time consuming. The party applying for fees bears the burden of documenting and proving that he or she is entitled to recover the fees requested. *Hensley*, 461 U.S. at 437. Plaintiff failed to provide any factual support for the allegations here.

The Court finds $13,000.00 to be a reasonable award, considering the lodestar factors. Plaintiff litigated a fairly straight-forward case with a one day trial and no motions. While the Court is inclined to give a smaller award, the Court acknowledges some of the Plaintiff's points regarding difficulties with service, discovery disputes, generally, and preparation for trial and trial briefing. Claims involving smaller dollar amounts are worth advocating for just as much as large-dollar claims. However, Plaintiff's claim of $42,704.18 is unreasonable, considering the lodestar factors above. The Court further acknowledges Plaintiff's Objection. However, as Plaintiff failed to satisfy the filing requirements under CVR 7.1, the Court declines to consider the objection. *See* CVR7.1(a) ("The provisions of this Rule shall apply to motions . . . and all other proceedings except a trial on the merits . . . ."; *see also* CVR 7.1(f).

## CONCLUSION

For the reasons stated above, Plaintiff's Petition is **GRANTED IN PART** and **DENIED IN PART**. The Court **DENIES** Plaintiff's request for $42,704.18 in attorney's fees but **GRANTS** Plaintiff $13,000.00 in reasonable attorney's fees.

**IT IS SO ORDERED** this 4th day of March, 2020.



SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

GANRA

Date 3/4/20 3pm

Deputy Clerk, Superior Court of Guam

**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**